906 F.2d 783
 285 U.S.App.D.C. 89
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Juan E. FERREIRA, Appellant.
 No. 89-3101.
 United States Court of Appeals, District of Columbia Circuit.
 June 27, 1990.
 
 Before MIKVA, HARRY T. EDWARDS and BUCKLEY, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the judgment of conviction and sentence entered by the district court on June 7, 1989 be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 The district court properly denied appellant Juan E. Ferreira's motion to suppress. This court has considered and rejected similar "constitutional arguments on numerous recent occasions in cases presenting directly parallel facts at the same Amtrak terminal and other public transportation facilities." United States v. Smith, No. 88-3159, slip op. at 3 (D.C.Cir. April 17, 1990) (citations omitted). It is clear from these precedents that no fourth amendment seizure occurred in this case.
 
 
 5
 The encounter between Ferreira and Officer Brennan in Union Station was a consensual contact requiring no finding of probable cause or reasonable suspicion. Brennan was casually dressed and did not display his weapon. Ferreira was approached in a public location by only one officer, who did not block his way. Brennan spoke in a conversational tone, exerted no physical force, and twice asked Ferreira's permission before searching his bag. Ferreira both physically surrendered the bag and gave Brennan verbal consent to search. The encounter lasted only a minute, and occurred at about 11:30 a.m. Under the "objective standard" of whether a reasonable person, innocent of any crime, would have believed that he was not free to leave in these circumstances, see United States v. Winston, 892 F.2d 112, 115-16 (D.C.Cir.1989), the district court was correct in finding there was no unconstitutional seizure.
 
 
 6
 In concluding that Ferreira voluntarily consented to the search of his bag, the district court was aware of Ferreira's age, foreign birth, poor education, lack of fluency in English, and ignorance of his rights under American law. A district court's finding of valid consent to search may be reversed only upon the conclusion that the factual ruling is clearly erroneous. See United States v. Lloyd, 868 F.2d 447, 451 (D.C.Cir.1989). In Lloyd, this court rejected an argument similar to that advanced by Ferreira, and recognized that "[t]he Supreme Court ... has deemed no single factor dispositive and leaves the trial court discretion to weigh these factors in light of the facts of each case." Id. The district court carefully considered all the relevant factors and its determination of consent is amply supported by the record.
 
 
 7
 Finally, the district court's factual findings implicitly credited the officers' version of events, and undermine Ferreira's argument that his post-arrest statement was obtained without a valid waiver of his fifth amendment right to have counsel present during custodial interrogation. The court found that the police "did not address any questions to [Ferreira], but in the course of [the officers'] conversation, [Ferreira] made a voluntary statement." See Transcript of suppression hearing, at 112. Concluding that Ferreira's statement was not made in response to any police interrogation, the court properly held it admissible. See Edwards v. Arizona, 451 U.S. 477, 485-86 (1981) (statements volunteered absent interrogation, after defendant invokes right to counsel, are admissible; no infringement of right, and no need to demonstrate valid waiver).